UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KIM HUBBARD,
                              Plaintiff,

v.                                                  5:09-CV-54
                                                        (LEK/GHL)
COMMISSIONER OF SOCIAL SECURITY,
                              Defendant.
_____

APPEARANCES:                                       OF COUNSEL:

KIM HUBBARD
Plaintiff, *pro se*

SOCIAL SECURITY ADMINISTRATION         THOMAS C. GRAY, ESQ.
Office of Regional General Counsel - Region II    Special Assistant U.S. Attorney
Counsel for Defendant
26 Federal Plaza - Room 3904
New York, NY 10278

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION[1]

**I.    BACKGROUND**

    **A.    Procedural History**

On May 10, 2006, *pro se* Plaintiff Kim Hubbard applied for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Administrative Transcript ("T") 41, 50-54, 181. On July 11, 2006, her applications were denied by the Social Security Administration. T 20, 42-46. On July 9, 2008, a hearing was held before an Administrative Law Judge ("ALJ"). T 195-206. On August 18, 2008, the ALJ determined that Plaintiff was not disabled. T 17-26.

---

[1] This matter was referred to me for report and recommendation by the Honorable Lawrence E. Kahn, Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Northern District of New York Local Rule 72.3.

Plaintiff appealed to the Appeals Council. On November 14, 2008, the Appeals Council denied Plaintiff's request for review. T 8-10. On January 14, 2009, Plaintiff commenced this action.

On February 13, 2009, the Appeals Council vacated its earlier decision when the Appeals Council learned that some evidence in the record pertained to an individual other than Plaintiff. T 4. On June 22, 2009, the Appeals Council issued a final decision, adopting the ALJ's finding that Plaintiff was not disabled. T 210-11.

### B. The Contentions

Plaintiff requests that the Court review MRI reports, notes from Gregory Shankman, M.D. (treating orthopaedic surgeon), and notes from Elaine Leach (massage therapist), which she claims will show that she is disabled. Dkt. No. 19.

Defendant disagrees, and argues that the decision finding Plaintiff not disabled should be affirmed. Dkt. No. 22.

## II. APPLICABLE LAW

### A. Standard for Benefits

To be considered disabled, a plaintiff seeking disability insurance benefits or supplemental security income benefits must establish that he is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). In addition, the plaintiff's

2

> physical or mental impairment or impairments [must be] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

Acting pursuant to its statutory rulemaking authority (42 U.S.C. §§ 405(a), 1383(d)(1)), the Social Security Administration ("SSA") has promulgated regulations establishing a five-step sequential evaluation process to determine disability. 20 C.F.R. § 404.1520. "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

> At the first step, the agency will find non-disability unless the claimant shows that he is not working at a "substantial gainful activity." [20 C.F.R.] §§ 404.1520(b), 416.920(b). At step two, the SSA will find non-disability unless the claimant shows that he has a "severe impairment," defined as "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." [20 C.F.R.] §§ 404.1520(c), 416.920(c). At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled; if so, the claimant qualifies. [20 C.F.R. §§] 404.1520(d), 416.920(d). If the claimant's impairment is not on the list, the inquiry proceeds to step four, at which the SSA assesses whether the claimant can do his previous work; unless he shows that he cannot, he is determined not to be disabled.[] If the claimant survives the fourth stage, the fifth, and final, step requires the SSA to consider so-called "vocational factors" (the claimant's age, education, and past work experience), and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy.[] [20 C.F.R.] §§ 404.1520(f), 404.1560(c), 416.920(f), 416.9630(c).

*Barnhart v. Thomas*, 540 U.S. at 24-25 (footnotes omitted).

The plaintiff-claimant bears the burden of proof regarding the first four steps. *See Draegert v. Barnhart*, 311 F.3d 468, 472 (2d Cir. 2002). If the plaintiff-claimant meets his or her

3

burden of proof on all four steps, the burden then shifts to the defendant-Commissioner to prove that the plaintiff-claimant is capable of performing other jobs which exist in significant numbers in the national economy. *Id.*

### B. Scope of Review

In reviewing a final decision of the Commissioner, a court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision. *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). A reviewing court may not affirm an ALJ's decision if it reasonably doubts whether the proper legal standards were applied, even if the decision appears to be supported by substantial evidence. *Johnson*, 817 F.2d at 986. In addition, an ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision. *Ferraris v. Heckler*, 728 F.2d 582, 587-88 (2d Cir. 1984).

A court's factual review of the Commissioner's final decision is limited to the determination of whether there is substantial evidence in the record to support the decision. 42 U.S.C. § 405(g); *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991). "Substantial evidence has been defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Williams o/b/o Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citations omitted). It must be "more than a scintilla" of evidence scattered throughout the administrative record. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938)). "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence

4

from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams*, 859 F.2d at 258 (citations omitted).  However, a reviewing court cannot substitute its interpretation of the administrative record for that of the Commissioner if the record contains substantial support for the ALJ's decision.  *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982), *cert. denied*, 459 U.S. 1212 (1983).

### III.   THE PLAINTIFF

At the time of the administrative hearing, Plaintiff was twenty-five years old.  T 198.  She lived with her husband and one-year old son.  T 202.  She obtained a bachelors degree in English.  T 198.

She worked in various positions, such as a cashier, counselor, telephone answerer, and waitress, from 2000 to October 13, 2005.  T 68.  She claims that on October 13, 2005, she was involved in a motor vehicle accident during which she "was driving and the air[-]bag exploded for no reason."  T 200.  She states that she "tr[ied]" working in 2006 for a copy service company, but stopped after a little more than one month due to difficulty sitting.  T 198.

Plaintiff alleges disability due to "neck, back and disc problems."  T 67.  Plaintiff also alleged at the hearing that she experiences "terrible" headaches and "excruciating" pain.  T 201, 203.

### IV.   THE ALJ'S DECISION

In determining that Plaintiff was not disabled, the ALJ made the following findings:

1. Plaintiff had not engaged in substantial gainful activity since the alleged onset date.  T 22.

2. Plaintiff's "neck and back disorder" was a severe impairment.  T 22.

5

    3.        Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment.  T 23.

    4.        Plaintiff had the residual functional capacity to perform light work.  T 23.

    5.        Plaintiff was able to perform her past relevant work as a telephone answerer. Considering her age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform.  Therefore, Plaintiff was not disabled.  T 25-26.

## V.    DISCUSSION

###     A.    Listed Impairment

Plaintiff argues that the evidence shows that she is disabled.  Dkt. No. 19.  Although not explicitly stated, Plaintiff's argument suggests that she objects to the ALJ's failure to find that her condition met a listed impairment.  Defendant argues that the ALJ's finding that Plaintiff's condition met no listed impairment is supported by substantial evidence.  Dkt. No. 22.

A claimant is automatically entitled to benefits if his or her impairment(s) meets criteria set forth in "the Listings."  20 C.F.R. § 404.1520(d).  The burden is on the plaintiff to present medical findings that show that his or her impairments match a listing or are equal in severity to a listed impairment.  *Zwick v. Apfel*, No. 97 Civ. 5140, 1998 WL 426800, at \*6 (S.D.N.Y. July 27, 1998).  In order to show that an impairment matches a listing, the claimant must show that his or her impairment meets all of the specified medical criteria.  *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); 20 C.F.R. § 404.1525(d).  If a claimant's impairment "manifests only some of those criteria, no matter how severely," the impairment does not qualify.  *Sullivan*, 493 U.S. at 530.

However, in cases in which the disability claim is premised upon one or more listed

impairments of appendix 1, "the Secretary should set forth a sufficient rationale in support of his decision to find or not to find a listed impairment." *Berry*, 675 F.2d at 469. While a court may be able "to look to other portions of the ALJ's decision" and to "credible evidence" in finding that his determination was supported by substantial evidence, the Second Circuit has noted that "[c]ases may arise, however, in which we would be unable to fathom the ALJ's rationale in relation to evidence in the record . . . . In such instances, we would not hesitate to remand the case for further findings or a clearer explanation for the decision." *Id.* (citations omitted). Thus, while an ALJ is not obligated to address specifically each piece of evidence in his decision, *Jones v. Barnhart*, No. CV-04-2772, 2004 WL 3158536, at *6 (E.D.N.Y. Feb. 3, 2004), he is not excused from addressing an issue central to the disposition of the claim. *See Ramos v. Barnhart*, No. 02 Civ. 3127, 2003 WL 21032012, at *10 (S.D.N.Y. May 6, 2003) (citing, *inter alia*, *Ferraris*, 728 F.2d at 587 ("We of course do not suggest that every conflict in a record be reconciled by the ALJ or the Secretary but we do believe that the crucial factors in any determination must be set forth with sufficient specificity to enable us to decide whether the determination is supported by substantial evidence.")).

At step three, the ALJ found that Plaintiff had no impairment or combination of impairments that met or medically equaled a listed impairment. T 23. He provided a two-sentence explanation for this finding, as follows:

> The severity of symptoms reported by Dr. Shankman, the claimant's treating orthopedist, is inconsistent with the medical evidence, specifically, results of MRI scans of the lumbar and cervical spine that show mild findings (Exhibit 6f/1-4). With respect to the claimant's musculoskeletal pain, consideration has been given to medical listing 1.00.

7

*Id.*

The Court finds that this explanation falls short of the "supporting rationale" that an ALJ should provide. For example, the ALJ stated that the "severity of symptoms reported by Dr. Shankman . . . is inconsistent with the medical evidence." T 23. However, it is unclear to what specific symptoms the ALJ refers because he failed to identify the specific symptoms.

Moreover, the ALJ stated that "listing 1.00" was considered. T 23. However, there is no "listing 1.00."[2] Rather, the relevant regulations contain Section 1.00, which is an introductory provision related to the musculoskeletal system impairments that is followed by specific conditions described in Listings 1.02 through 1.08.[3] 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.00. Therefore, it is unclear which specific impairment(s) were considered.

Further, the Court has looked to other portions of the ALJ's decision and is unable to conclude that his step three finding was supported by substantial evidence. *See Berry*, 675 F.2d at 469 (finding that a court may be able "to look to other portions of the ALJ's decision . . . in finding that his determination was supported by substantial evidence . . . .").

In light of the foregoing, the Court recommends remand. *See Hunt v. Astrue*, No. 6:06-CV-99, 2008 WL 3836406, at *10 (N.D.N.Y. Aug. 13, 2008) (Kahn, J.) (remanding where the ALJ failed to provide sufficient rationale). On remand, the ALJ shall set forth a sufficient

---

[2] Defendant argues that the "ALJ gave specific consideration to the criteria of Listing section 1.00." Dkt. No. 22 at 17. However, in another case, Defendant argued that *there was no Listing 1.00* in response to a plaintiff's claim for disability under "Listing 1.00." *Weatherby v. Commissioner of Soc. Sec.*, No. 1:05-CV-1531, 2008 WL 4104686, at *6 (N.D.N.Y. Sept. 3, 2008) (Kahn, J.).

[3] *See Buonora v. Commissioner of Soc. Sec.*, No. 1:05-CV-1133, 2008 WL 2185349, at *6 n.4 (May 23, 2008) (Peebles, M.J.) (noting same).

8

rationale in support of his decision to find or not to find a listed impairment.

### B.     Residual Functional Capacity

Plaintiff essentially also challenges the RFC finding that she can perform light work. Dkt. No. 19. Defendant argues that the RFC finding was supported by substantial evidence. Dkt. No. 22.

A claimant's RFC represents a finding of the range of tasks he or she is capable of performing notwithstanding the impairments at issue. 20 C.F.R. § 404.1545(a). An RFC determination is informed by consideration of a claimant's physical abilities, mental abilities, symptomology, including pain, and other limitations which could interfere with work activities on a regular and continuing basis. *Id.*; *Martone*, 70 F. Supp. 2d at 150.

Here, the ALJ concluded that Plaintiff retained the RFC to perform light work. T 24. In making this determination, the ALJ reviewed some medical evidence[4] before rejecting Dr. Shankman's opinion,[5] and then specifically stated that the RFC determination was "supported"

---

[4] I note that the ALJ stated that the "MRI scans show only 'mild' findings, resulting in no neural compromise." T 24. However, the MRI of Plaintiff's cervical spine showed very mild *right neural foraminal narrowing at C5-6.* T 125. Defendant appears to concede that this constitutes neural compromise, as he stated that the MRI reports "show no neural compromise in the lumbar or thoracic spine, and only *very mild right neural foraminal narrowing at C5-6 in the cervical spine*." Dkt. No. 22 at 17 (emphasis added). Similarly, the MRI report itself states, "there is only very mild right neural foraminal narrowing at C5-6. Otherwise, canal and neural foramina are all widely patent." T 125.

[5] The ALJ afforded "little weight" to Dr. Shankman's opinion that Plaintiff is disabled. T 25. Whether an individual is disabled is an issue reserved to the Commissioner. *See* 20 C.F.R. §§ 404.1527(e), 416.27(e); *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) ("That means that the Social Security Administration considers the data that physicians provide but draws its own conclusions as to whether those data indicate disability"). Therefore, the ALJ was not bound by Dr. Shankman's conclusion that Plaintiff is disabled.

by an RFC assessment "made at the lower level of adjudication finding the claimant retains the ability to perform light work." T 25 (citing Exhibit 10F). The RFC assessment cited by the ALJ is an undated RFC form completed by Joan Tallet, a "disability examiner" whose qualifications are unknown. *Compare* T 143 *with* T 181 (containing name and signature). Accordingly, the Court is unable to conclude that this assessment constituted substantial evidence.

In sum, the Court is unable to conclude that the RFC determination is supported by substantial evidence. Therefore, the matter should be remanded.

**WHEREFORE**, for the reasons set forth above, it is hereby

**RECOMMENDED**, the Commissioner's determination of no disability be VACATED, and the matter REMANDED to the agency for further consideration.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: May 21, 2010
       Syracuse, New York

George H. Lowe
United States Magistrate Judge